## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JAMES R. GLASS, and
CLAUDIA J. GLASS,

        *Plaintiffs,*

  vs.

OCWEN LOAN SERVICING, LLC and
BANK OF NEW YORK MELLON, N.A.,

        *Defendants.*

Case No. 15-1050-EFM-KGG

## MEMORANDUM AND ORDER

Plaintiff James Glass seeks to recover against Defendants Ocwen Loan Servicing, LLC and Bank of New York Mellon, N.A. (BONY) for four violations of the Kansas Consumer Protection Act (KCPA).  Together with his wife, Plaintiff Claudia Glass, he seeks a declaratory judgment for the rights to insurance proceeds and damages under unjust enrichment.  They filed in Reno County, Kansas, and Ocwen removed the case to this Court on the basis of diversity jurisdiction.  The Glasses filed a Motion to Remand (Doc. 7), which is now before the Court. The Glasses claim that removal was contrary to a clause in their settlement agreement with Ocwen and because Claudia's claims do not meet the amount in controversy requirement.  The Court disagrees, it finds the clause to be merely a permissive forum selection clause and that it has supplemental jurisdiction over Claudia Glass.  The Motion to Remand is denied.

## I.      Factual and Procedural Background

In January 2007, James Glass secured a mortgage encumbering the Glasses' real property in Hutchinson, Kansas.  BONY took over the Glasses' note, and Ocwen serviced the note on behalf of BONY.  In 2012, BONY claimed that James defaulted on the mortgage and ultimately accepted a Deed in Lieu of foreclosure that allegedly satisfied the obligation the Glasses owed to BONY.  In February 2014, BONY and the Glasses signed a settlement agreement with a forum selection clause requiring that any litigation "must be filed" in Reno County District Court.[1]

In June 2014, Ocwen began to send James notices of delinquent payments and demanding monthly payments on the note.  These notices and other offers constituted three of the four counts of deceptive acts brought by James alone against Ocwen and BONY.  The fourth count—unconscionable acts under the KCPA—was due to the purchase of insurance for the property by Ocwen and its demands that James pay for it.[2]

Additionally, the agreement the Glasses and BONY signed required that the Glasses maintain insurance on the property.  The Glasses seek a declaratory judgment to recover insurance proceeds from hail damage on the property that occurred in July 2013.  Finally, the sixth count consists of a claim of unjust enrichment for maintenance of the property by the Glasses.  The Glasses filed the claim in Reno County District Court, and Ocwen removed to this Court.[3]  In March 2015, the Glasses filed a Motion to Remand, which is now before the Court.

---

[1] Confidential Settlement and Release Agreement, Doc. 11, at 6.

[2] Petition, Doc. 1-1, at 6-10.

[3] The Glasses are both citizens of Kansas, Ocwen is a citizen of both Delaware and Florida, and while there is dispute about the citizenship about the second defendant, it is a citizen of either New York or Pennsylvania. These facts satisfy the complete diversity requirement. James claims four counts of violations of the KCPA, each demanding at least $20,000 in damages.  The other two counts claim damages in excess of $10,000 each. James, at least, satisfies the amount in controversy requirement. Notice of Removal, Doc. 1, at 2-3.

## II.    Legal Standard

If an action originally filed in state court could have been heard in federal court, it can be removed to federal court.[4]  The federal court must have a statutory or constitutional authority to hear the case in order to satisfy its limited jurisdiction.[5]  A federal court must remand the action to state court "if any time before final judgment it appears that the district court lacks subject matter jurisdiction."[6]  Subject matter jurisdiction is established through (1) diversity jurisdiction or (2) federal-question jurisdiction.[7]  Diversity jurisdiction requires that the amount in controversy claimed by each plaintiff exceeds $75,000 and that each defendant is a resident of a different state than each plaintiff.[8]

If the federal court has original jurisdiction, the court shall "have supplemental jurisdiction over all other claims that are so related to the claims in the action within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[9]  The district court has discretion to exercise supplemental jurisdiction over state law claims that derive from a "common nucleus of facts."[10]  It may decline to exercise supplemental jurisdiction if "the claim raises a novel or complex issue of State law."[11]

---

[4] 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[5] *See* U.S. Const. art. III; *Sheldon v. Sill*, 49 U.S. 441, 448-49 (1850).

[6] 28 U.S.C. § 1447(c).

[7] *See* U.S. Const. art. III.; 28 U.S.C. §§ 1331-1332.

[8] *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).

[9] 28 U.S.C. § 1367(a).

[10] *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.,* 210 F.3d 1207, 1220 (10th Cir. 2000).

[11] 28 U.S.C. § 1367(c)(1). The Court also may decline to exercise supplemental jurisdiction if "(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

### III.   Analysis

The Glasses filed a Motion to Remand, claiming that (1) the settlement agreement's forum selection clause prevented removal to federal court and (2) that Claudia's claims do not meet the amount in controversy requirements for 28 U.S.C. § 1332(a).

### A.  Forum Selection Clause

The interpretation of a forum selection clause is a matter of law, and the Courts have chosen to interpret forum selection clauses strictly.  In order for a party to contract away its "statutory right to remove a case from a state to a federal court [the language of the contract] must be 'clear and unequivocal.'"[12]  In this case, the clause in question reads that "[a]ny subsequent litigation arising under this agreement must be filed in the Reno County District Court."[13]  The phrase in question is "must be filed."  Kansas courts have interpreted similar language, that any action "shall properly lie," as a permissive forum selection clause.  In *Thompson v. Founders Group International, Inc.*, this phrase was held to mean that an action brought in the named courts would be proper but did not prevent bringing suit in other courts.[14]

The Tenth Circuit found in *Pine Telephone Co. v. Alcatel-Lucent USA, Inc.* that the defendant had not waived its right of "removal to federal court once a permissive but appropriate state court forum had been selected."[15]  In the same way, the settlement agreement in this case requires that any disagreements "must be filed in the Reno County District Court" but does not

---

[12] *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992) (quoting *Regis Assocs. v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990)).

[13] Confidential Settlement and Release Agreement, Doc. 11, at 6.

[14] *Thompson v. Founders Group Intern., Inc.*, 886 P.2d 904, 907 (Kan. App. 1994).

[15] *Pine Telephone Co. v. Alcatel-Lucent USA, Inc.*, 486 Fed. App'x 724, 727 (10th Cir. 2012).

address either party's ability to remove the case to federal court after it is filed.[16]  The Glasses filed this lawsuit in Reno County, which fulfilled the only requirement of the agreement. Therefore, this Court holds that the forum selection clause does not prevent removal.

## B.  Supplemental Jurisdiction

The Glasses argue that the Court lacks subject-matter jurisdiction over the case entirely because Claudia does not satisfy the monetary requirement for diversity jurisdiction. The supplemental jurisdiction statute allows related claims that involve additional parties.[17] The U.S. Supreme Court has interpreted this to mean that the supplementary jurisdiction statute permits use of diversity jurisdiction over additional plaintiffs who do not meet the minimum amount-in-controversy requirement as long as other elements of diversity jurisdiction exist and at least one named plaintiff meets the amount-in-controversy requirement.[18] Here, it is uncontested that James' claims meet the amount-in-controversy requirement. Therefore, the Court has supplemental jurisdiction over Claudia's claims because they form part of the same case and controversy even if her claims fail to meet the amount-in-controversy requirement.[19]

In their reply, the Glasses reframe their challenge as a pleading issue. Ocwen did not expressly allege supplemental jurisdiction in its original Notice of Removal, and the Glasses

---

[16] Confidential Settlement and Release Agreement, Doc. 11, at 6.

[17] 28 U.S.C. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.").

[18] *Exxon Mobil Corp. v. Allapattah Servs. Inc.*, 545 U.S. 546, 549 (2005) ("We hold that, where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction.").

[19] See Id.

argue that supplemental jurisdiction must be pled in the notice and not in subsequent pleadings. However, the pleading requirements of Federal Rule of Civil Procedure 8(a)(1) is satisfied by an allegation that the suit is supplementary to a claim currently before the Court.[20]  If the court had original jurisdiction over the claims to which the supplemental claims were attached, Rule 8(a) does not necessarily require the express pleading of supplemental jurisdiction.[21]

In *McNerny v. Nebraska Public Power District*, the original notice of removal did not plead supplemental jurisdiction but the district court held that "although the common and cautious practice is to include the allegation in the complaint, where subject matter jurisdiction exists under 28 U.S.C. § 1331, supplemental jurisdiction need not be specifically pleaded."[22]  If the claims are so related to each other it is logical to try them together, "assuming substantiality of the federal issues, there is power in federal courts to hear the whole."[23]  This Court concludes that it has original jurisdiction under diversity jurisdiction and the lack of pleading of supplemental jurisdiction in the notice of removal does not divest the Court of jurisdiction.[24]

The question that remains is whether this Court should choose to exercise supplemental jurisdiction over Claudia.  Supplemental jurisdiction may be extended if the claim forms "part of

---

[20] *McNerny v. Nebraska Public Power Dist.*, 309 F. Supp. 2d 1109, 1116 (D. Neb. 2004) (holding that "supplemental jurisdiction need not be specifically pleaded if the relationship between the federal claim and the state claim permits the conclusion that the entire action is derived from a common nucleus of operative facts"); *see* 5 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1207 (3d ed.) ("Rule 8(a) theoretically may not require supplemental jurisdiction to be pleaded expressly, the better practice is to include an express allegation of applicability of Section 1367 in the complaint.").

[21] FED. R. CIV. P. 8(a); 5 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1207 (3d ed.). In the future it is better to include an express allegation of 28 U.S.C. § 1367 in the pleadings.

[22] *McNerny*, 309 F. Supp. 2d at 1116. The Court gave the defendant leave to amend its notice of removal after he submitted a motion specifically to amend. *Id.*

[23] *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).

[24] *McNerny*, 309 F. Supp. 2d at 1117.

the same case or controversy under Article III of the United States Constitution."[25]  Courts may decline to exercise supplemental jurisdiction if the claims raise a question of novel or complex state law, if the supplemental claims dominate over the federal claims, if the court has dismissed all claims for which it had jurisdiction, or in other exceptional circumstances.[26]

This Court's jurisdiction over James is uncontested, he and the two defendants are diverse and he is seeking more than $75,000. Claudia is seeking damages under unjust enrichment and a declaratory judgment for ownership of insurance proceeds.[27]  These claims do not raise novel or complex claims of state law, and they derive from the same "common nucleus of operative fact" that inspired James' claims.[28]  This Court has valid jurisdiction over James and his claims and can extend valid supplemental jurisdiction over Claudia and her claims.

For these reasons, the Glasses' Motion to Remand is denied.

**IT IS THEREFORE ORDERED** that the Glasses' Motion to Remand (Doc. 7) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 5th day of August, 2015.


_Eric F Melgren_
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[25] 28 U.S.C. § 1367(a).

[26] 28 U.S.C. § 1367(c).

[27] Petition, Doc. 1-1, at 10-11.

[28] *United Mine Workers of America,* 383 U.S. at 725; *see also* 28 U.S.C. §1367(a).